UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DEWAYNE ERVIN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | NO. 1:04-CV-325<br>(CR. 1:00-CR-70) |

**MEMORANDUM OPINION**

The Petitioner, Dewayne Ervin, brings this *pro se* motion to vacate, set aside or correct his sentence, 28 U.S.C. § 2255, challenging the constitutionality of his confinement under a 2001 judgment of this Court. Following a jury trial, Petitioner was convicted of conspiring to distribute at least five kilograms of cocaine powder and at least 50 grams of cocaine base [Count 1 of the Superceding Indictment], in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); distribution of at least 50 grams of cocaine base [Count 2] in violation of 21 U.S.C. § 841(a)(2) and (b)(1)(A); distribution of at least 500 grams of cocaine powder [Count 3], in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2; and illegal possession of firearms [Count 6] in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Subsequently, he was sentenced to life on each of the first two counts; 480 months on the third count; and 120 months on the last count—all set to run concurrently. He was unsuccessful on direct appeal. *United States v. Ervin*, 59 Fed. Appx. 631, 2003 WL 343268 (6th Cir. Feb. 12, 2003), *cert. denied*, 540 U.S. 834 (2003).

In his motion, the Petitioner alleges, as his sole ground for relief, that he was denied due process because his life sentences did not result from a jury determination, beyond a reasonable doubt, of all predicate facts necessary to impose those sentences, but instead, from a determination by a judge, based on a preponderance of the evidence. The Petitioner maintains that imposing life sentences, absent jury findings on essential elements of the offenses—such as the exact amount of drugs involved, is constitutionally impermissible.

The Petitioner acknowledges that this issue was raised and disposed of on the merits in his appeal. Recognizing the difficulty of raising this particular claim in his § 2255 motion, he asserts he can establish "cause and prejudice" to excuse his failure to offer in his direct appeal the additional arguments he wishes to present in support of his § 2255 claim and, alternatively, can demonstrate he is actually innocent of the life sentences.

The procedural default doctrine, with its "cause and prejudice" and "actual innocence" components, is applied where a claim *was not raised* on appeal, though it could have been raised. *Peveler v. United States*, 269 F.3d 693, 699 (6th Cir. 2001); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). *See also Bousley v. United States*, 523 U.S. 614, 622-23 (1998) (a petitioner making an "actual innocence" claim must show factual innocence, not mere legal insufficiency, to obtain review of an otherwise barred claim).[1] However, this

---

[1] As the Petitioner implicitly concedes, the Supreme Court has never found that a claim based on actual innocence of the *sentence*—as opposed to actual innocence of the *crime*—applies in any context other than a capital case. *Schlup v. Delo*, 513 U.S. 298, 323 (1995); *Sawyer v. Whitley*, 505 U.S. 333, 336 (1993).

is not the situation here. In this case, the claim *was raised* on direct review in the United States Court of Appeals for the Sixth Circuit and *was decided* based on its merits. The law is well-established that a claim which has been litigated on appeal cannot be revisited in § 2255 proceedings, unless a petitioner shows exceptional circumstances, such as an intervening change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir.1999).

The Petitioner argues the holding in *Blakely v. Washington*, __ U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), brings "new light to his previously raised claim," and he also invites this Court to find, in consonance with courts in other circuits, that *Blakely* applies to the Federal Sentencing Guidelines. To the extent that this argument can be viewed as an attempt to show an intervening change in the law, the Court must decline his invitation to issue such a ruling because the Supreme Court itself has held that *Blakely* applies to the Sentencing Guidelines. *United States v. Booker*, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Both *Blakely* and *Booker* were extensions of the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)[2]—a case which Petitioner offered as support for his sentencing claims on direct appeal.

However, determining whether *Blakely* (or *Booker*) constitutes an intervening change in the law would not help the Petitioner. This is so because the Supreme Court has not held

---

[2] In *Apprendi*, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.

*Blakely*, or for that matter, *Booker*, to be retroactive and because such a holding in the future is unlikely, given the ruling in *Schriro v. Summerlin*, __ U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004).[3] Put simply, there is no justification to relitigate an issue, based on legal rules which, as of this date, have not been held to apply retroactively to a § 2255 motion. *Lloyd v. United States*, 407 F.3d 608, 612-13 and 615-16 (4th Cir. 2005) (*Booker* rule does not apply to initial § 2255 motions) (listing cases); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.2005) (*Booker* rule does not apply retroactively in collateral proceedings).

Accordingly, this motion will be **DISMISSED** by separate order.

**ENTER**:

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[3] In *Schrirro*, the Supreme Court refused to apply retroactively the holding in *Ring v. Arizona*, 536 U.S. 584 (2002),—another in the *Apprendi*-line of decisions—to cases already final on direct review. *Ring* established that aggravating circumstances which justify imposition of a death sentence must be found by a jury—not by a judge.